UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HILL, JEMAL TIPTON, DAMION
TODD, BOBBY HINES, KEVIN BOYD, BOSIE
SMITH, JENNIFER PRUITT, MATTHEW
BENTLEY, and KEITH MAXEY,

    Plaintiffs,

v.

RICK SNYDER, in his official capacity as
Governor of the State of Michigan, RICHARD
MCKEON, in his official capacity as Interim
Director, Michigan Department of Corrections,
BARBARA SAMPSON, in her official capacity
as Chair, Michigan Parole Board, jointly and severally,

    Defendants.
_____/

Case No. 10-14568

Hon. John Corbett O'Meara

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Before the court is Defendants' motion to dismiss or for summary judgment, filed February 28, 2011. Plaintiffs submitted a response on April 1, 2011; Defendants filed a reply brief on April 18, 2011. The court heard oral argument on April 21, 2011, and took the matter under advisement.

**BACKGROUND FACTS**

Plaintiffs Henry Hill, Jemal Tipton, Damion Todd, Bobby Hines, Kevin Boyd, Bosie Smith, Jennifer Pruitt, Matthew Bentley, and Keith Maxey filed this action for declaratory and injunctive relief against Rick Snyder, Richard McKeon, and Barbara Sampson in their official capacities as Governor of the State of Michigan, Interim Director of the Michigan Department of

Corrections, and Chair of the Michigan Parole Board, respectively. Plaintiffs were tried as adults for crimes they committed as juveniles and were sentenced to mandatory life imprisonment without parole. They challenge the constitutionality of M.C.L. § 791.234(6) to the extent it prohibits the Michigan Parole Board from considering the case of any individual who was charged with first degree murder as a juvenile, convicted, and sentenced to life imprisonment.

Michigan law permits – at the discretion of the prosecutor – children who are between the ages of fourteen and sixteen to be tried as adults on first degree murder charges. If convicted as charged, these juveniles are subject to a mandatory life sentence. Michigan law prohibits the state's Parole Board from ever considering them for parole. See M.C.L. § 791.234(6)(a). Plaintiffs seek a declaration the M.C.L. § 791.234(6)(a) is unconstitutional as applied to those who were convicted when they were under the age of eighteen. Plaintiffs' complaint, filed pursuant to 42 U.S.C. § 1983, sets forth four counts: Count I, violation of Eighth Amendment; Count II, violation of due process, Count III, violation of due process, and Count IV, violation of customary international law.

## LAW AND ANALYSIS

Defendants seek dismissal or summary judgment on various grounds, including statute of limitations, res judicata, application of the Rooker-Feldman doctrine, and based upon Heck v. Humphrey, 512 U.S. 477, 481 (1994). Defendants further allege that Plaintiffs' claims fail as a matter of law.

### I. Statute of Limitations

Defendants contend that all of Plaintiffs' claims except for Keith Maxey's are barred by

the three-year statute of limitations. Courts look to state law to determine both the statute of limitations for § 1983 claims and whether the statute is tolled. See Board of Regents of the Univ. of the State of New York v. Tomanio, 446 U.S. 478, 483-84 (1980). See also M.C.L. § 500.5850(10) (statute of limitations is three years for personal injury claims). Federal law, however, governs when the statute begins to run. Sharpe v. Cureton, 319 F.3d 259, 266 (6th Cir. 2003). "Under federal law, as developed in this Circuit, the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." Cooey v. Strickland, 479 F.3d 412, 416 (6th Cir. 2007) (citations omitted). In other words, in "determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." Id. (citation omitted).

     Defendants contend that Plaintiffs' claims are time-barred because they accrued upon their waiver as juveniles to adult court and their sentencing as adults upon conviction, or at the latest upon the expiration of the period for direct appeals. See Cooey, 479 F.3d at 422 (challenge to lethal-injection protocol accrued upon the conclusion of direct review in state case or when protocol was adopted). Plaintiffs argue, however, that the continuing violations theory saves their claims because they seek to remedy an ongoing constitutional wrong that results in an ongoing injury. Under the continuing violations doctrine, a statute of limitations is tolled if: "1) the defendants engage in continuing wrongful conduct; 2) injury to the plaintiff accrues continuously; and 3) had the defendants, at any time, ceased their wrongful conduct, further injury would be avoided." Hensley v. City of Columbus, 557 F.3d 693, 697 (6th Cir. 2009). The continuing violations doctrine was developed in the context of discrimination law; courts have

been somewhat reluctant to extend it to § 1983 cases. See Sharpe, 319 F.3d at 267-68 (noting that the Sixth Circuit "employs the continuing violations doctrine most commonly in Title VII cases, and rarely extends it to § 1983 actions"); cf. Kuhnle Bros., Inc. v. County of Geauga, 103 F.3d 516, 522 (6th Cir. 1997) (continuing violations doctrine did not save takings claim, but did save due process for deprivation of liberty claim).

Plaintiffs contend that Defendants' "continuing wrongful conduct" is the continued enforcement of M.C.L. § 791.234(6)(a), which precludes the Michigan Parole Board from considering Plaintiffs for parole. Plaintiffs argue that, as long as the statute remains in effect, they will continue to be deprived of their constitutional rights. Further, if enforcement of the statute were enjoined, Plaintiffs would be given the opportunity to be considered for parole and thus avoid future injury.

The Sixth Circuit rejected a similar argument in Broom v. Strickland, 579 F.3d 553 (6th Cir. 2009). In Broom, a death-row inmate challenged the constitutionality of Ohio's lethal-injection protocol. Relying on Cooey v. Strickland, 479 F.3d 412, 422 (6th Cir. 2007), cert. denied, 128 S.Ct. 2047 (2008), the district court determined that Broom's § 1983 claim was time barred because the claim accrued "upon conclusion of direct review in the state court or the expiration of time for seeking such review," or when the lethal-injection protocol was adopted. Id.; Broom, 579 F.3d at 555. On appeal, Broom argued that the continuing violations doctrine saved his claim. The Sixth Circuit stated that "we disagree with Broom's assertion that the continuing-violations doctrine tolls the statute of limitations because the legal violation continues anew every single day that the same deficient lethal-injection protocol remains in place." Broom, 579 F.3d at 555 (internal punctuation omitted). The court explained:

-4-

> A continuing violation is occasioned by *continual unlawful acts*, not continual ill effects from an original violation. Broom has not alleged "continual unlawful acts," but rather challenges the effects from the adoption of the lethal-injection protocol. In essence, he has presented no continued wrongful conduct, only the continued risk of future harm.

Id. (emphasis added; citations omitted). See also Tolbert v. State of Ohio Dept. of Trans., 172 F.3d 934, 940 (6th Cir. 1999) (continued adherence to environmental impact statement not considered "continuing unlawful acts" or a "series of decisions").

By adhering to the statute that precludes the state from considering Plaintiffs for parole, Defendants are not committing continuing unlawful acts. Plaintiffs' injury – ineligibility for parole – was discoverable and accrued upon the conclusion of direct review of their convictions and sentences. Defendants do not consider and reject Plaintiffs for parole on a continuing basis, such that each decision could be considered an unlawful act. See Tolbert, 172 F.3d at 941 (finding adherence to environmental impact statement not to satisfy requirements for a continuing violation where "there is no indication that [defendant] revisited the . . . issue at regular intervals" after adoption). "Passive inaction . . . does not support a continuing violation theory." Id. See also Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003) ("Here, the defendants' act (deciding not to consider Lovett for parole again until 2006) was a one time act with continued consequences, and the limitations period is not extended.").

For these reasons, the court finds that the statute of limitations bars the claims of all Plaintiffs except for Keith Maxey.[1]

---

[1] Plaintiffs contend that their claims were not cognizable until the Supreme Court decided Graham v. Florida, 130 S.Ct. 2011 (2010). In Graham, the Court held for the first time that sentences of life without parole for non-homicide offenses committed by juveniles violated the Eighth Amendment. Plaintiffs seek to extend the holding of Graham to juveniles convicted of

**II.     Res Judicata**

Defendants also argue that Plaintiffs' claims are barred by res judicata, in that their constitutional claims should have been raised in their state criminal cases.[2] In Michigan, res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." Adair v. State, 470 Mich. 105, 121 (2004). However, "preclusion . . . may be defeated by showing . . . that there has been a substantial change in the legal climate that suggests a new understanding of the governing legal rules which may require different application." Franklin Cty. Convention Facilities Auth. v. American Premier Underwriters, Inc., 240 F.3d 534, 550 (6th Cir. 2001) (citation omitted). See also Pike v. City of Wyoming, 431 Mich. 589, 596-97 (1988) ("this Court has held res judicata not to be a bar where a subsequent change in the law altered the legal principles upon which the case was to be resolved"); Socialist Workers Party v. Secretary of State, 412 Mich. 571 (1982).

This is particularly true when the suit involves fundamental constitutional rights. For example, in a voting rights case, the Fifth Circuit observed: "Faced with changing law, courts hearing questions of constitutional right cannot be limited by res judicata. If they were, the Constitution would be applied differently in different locations. But '(t)he Constitution is not geared to patchwork geography. It tolerates no independent enclaves.'" Parnell v. Rapides Parish Sch. Bd., 563 F.2d 180, 185 (5th Cir. 1977). See also Precision Air Parts, Inc. v. Avco Corp., 736

---

homicide who are sentenced to life without parole. Plaintiffs have not cited authority for the proposition that a change in the law tolls or changes the accrual date of the statute of limitations.

   [2] As a practical matter, the next sections apply only to the remaining Plaintiff, Keith Maxey.

F.2d 1499, 1504 (11th Cir. 1984) (noting that a change in the law ordinarily does not defeat res judicata, except in those cases involving "momentous changes in important, fundamental constitutional rights."); Kania v. Fordham, 702 F.2d 475, 476 n.2 (4th Cir. 1983) ("[T]he University, a state instrumentality, should not be allowed to hide behind that judgment with the possible result that individual constitutional liberties are denied.  Relitigation of an issue of public importance should not be precluded when there has been 'an intervening change in the applicable legal context.'").

Plaintiffs argue that the Graham case changed the legal landscape with respect to the Eighth Amendment and, therefore, res judicata should not apply.  The court agrees that Graham represents an evolution in Eighth Amendment jurisprudence that creates the possibility of relief for Plaintiffs on a claim that was previously unlikely to be viable.  Accordingly, the court finds that res judicata does not bar Plaintiffs' claims.

### III.     *Rooker-Feldman*

Defendants also contend that the Rooker-Feldman doctrine bars Plaintiffs' claims.  The Rooker-Feldman doctrine prohibits a party in a state court proceeding from appealing an unfavorable decision to a lower federal court.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005).  See also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Under this rule, lower federal courts do not have jurisdiction over cases in which plaintiffs have "essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments." Exxon, 544 U.S. at 283.  The doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284.

Defendants argue that Plaintiffs are attacking their sentences of life without parole, and thus the underlying state court judgment. Plaintiffs emphasize, however, that they are not challenging their convictions or sentences, but the statute prohibiting the Parole Board from considering their cases. As the United States Supreme Court recently explained, "a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." Skinner v. Switzer, 131 S.Ct. 1289, 1298 (2011) (holding that Rooker-Feldman did not bar § 1983 action challenging the constitutionality of statute used by state court to deny him access to post-conviction DNA testing). Similarly, Plaintiffs' challenge to the constitutionality of M.C.L. § 791.234(6)(a) is not barred by Rooker-Feldman.

## IV.     Plaintiffs' Claims are Cognizable under § 1983

Defendants assert that Plaintiffs' claims are not cognizable under § 1983. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations omitted). See also Heck v. Humphrey, 512 U.S. 477 (1994). The Court in Wilkinson noted that, throughout its precedent considering the issue, "the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81

(emphasis in original).

In Wilkinson, the Court held that a prisoners' challenge to state parole procedures – similar to Plaintiffs' claims here – was cognizable as a § 1983 claim. The Court noted that the prisoners were not seeking "an injunction ordering [their] immediate or speedier release into the community." Id. at 83. Rather, if successful, the prisoners would obtain quicker or new parole hearings. The parole board would still have discretion to shorten the prisoners' terms or not. "Because neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus.'" Id. (citation omitted).

Similarly, in this case, Plaintiffs seek the opportunity to be considered for parole. Success in this suit does not necessarily mean that Plaintiffs will obtain a speedier release from prison. Accordingly, in the light of Wilkinson, Plaintiffs' claims are cognizable under § 1983.

**V.     Failure to State a Claim**

Defendants contend that Plaintiffs have failed to state a claim upon which relief may be granted with respect to their Eighth Amendment, due process, and customary international law claims. See Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks to have the complaint dismissed based upon the plaintiff's failure to state a claim upon which relief can be granted. The court must "accept all the ... factual allegations as true and construe the complaint in the light most favorable to the Plaintiffs." Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir.2009) (internal quotation marks omitted). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th

Cir.1999) (internal quotation marks omitted).

### A.     Eighth Amendment

Defendants argue that sentences of life without parole for juvenile offenders do not violate the Eighth Amendment as a matter of law, pursuant to Roper v. Simmons, 543 U.S. 551 (2005) and Graham v. Florida, 130 S.Ct. 211 (2010).  In Roper, the Supreme Court held that the imposition of the death penalty on juvenile offenders violated the Eighth Amendment.  By implication, Defendants suggest, the Court found a sentence of life without parole to be constitutional.  The Court did not in any way consider that question, however.  Roper does not support Defendants' argument.

In Graham, the Court held that a sentence of life without parole for juvenile offenders who did not commit homicide violated the Eighth Amendment.  Again, Defendants suggest that the Court "effectively reaffirmed" the constitutionality of life without parole sentences for juvenile homicide offenders.  The Graham court did not expressly consider that issue, however, and much of its reasoning could be read to call into question the constitutionality of such sentences.  See Graham, 130 S.Ct. at 2023-30.

Graham and Roper do not compel the conclusion that Plaintiffs' Eighth Amendment claims must fail as a matter of law, particularly at this early stage of the proceedings.  See Graham, 130 S.Ct. at 2023.  In Graham, the Court engaged in a lengthy analysis of several factors, including evidence of "national consensus" on the issue of life without parole for non-homicide juvenile offenders, the "culpability of the offenders at issue in light of their crimes and characteristics, along with the severity of the punishment in question," and "whether the challenged sentencing practice serves legitimate penological goals." Id.  The full Eighth

Amendment analysis required by Graham involves the presentation of evidence that is not yet before the court on this Rule 12(b)(6) motion. Accordingly, the court will deny Defendants' motion on this issue.

### B. Due Process

In order to state a claim for a violation of procedural due process, a plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. Plaintiffs argue that due process requires that they be given a "meaningful opportunity to obtain release based upon demonstrated maturity and rehabilitation." Graham, 130 S.Ct. at 2030.[3] Plaintiffs have not, however, identified a liberty or property interest of which they have been deprived without due process of law. Indeed, Plaintiffs do not have a constitutionally protected interest in parole.

"A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. However, this Court has repeatedly noted that 'there is no constitutional or inherent right of a convicted person to be conditionally released [e.g., paroled] before the expiration of a valid sentence.'" Michael v. Ghee, 498 F.3d 372, 378 (6th Cir. 2007) (citing Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)). Further, Michigan law does not create a protected liberty interest in parole. See Juarez v. Renico, 149 F. Supp. 2d 319, 322 (E.D. Mich. 2001).

Because Plaintiffs have failed to identify a liberty interest which they have been denied,

---

[3] Graham did not address due process concerns, but only the Eighth Amendment. Accordingly, it does not provide assistance in analyzing Plaintiffs' due process claims.

they cannot state a procedural due process claim.  The court will grant Defendants' motion and dismiss Plaintiffs' due process claims.

### C.      Violations of Customary International Law

Plaintiffs also allege that sentencing juveniles to life without parole violates "customary international law" and that such a violation may be remedied in an § 1983 action.  Plaintiffs note that customary international law is recognized as forming part of federal common law.  See generally Sosa v. Alvarez-Machain, 541 U.S. 692, 729 (2004) ("For two centuries we have affirmed that the domestic law of the United States recognizes the law of nations.").  However, it is a logical leap to suggest that a violation of customary international law gives rise to a private cause of action and remedy.  Although Plaintiffs argue that a private cause of action should be inferred, they do not cite a case in which a court has actually done so.  See Buell v. Mitchell, 274 F.3d 337, 374 (6th Cir. 2001) ("Courts that have determined that private rights of actions exist under customary norms of international law have done so where acts were committed on a foreign citizen or acts were committed by a foreign government or government official. . . . '[w]hile some language in several decisions of courts of appeal states that U.S. courts have recognized the concept of *jus cogens* as part of U.S. law, not a single case has been decided on that basis alone without having been overturned.'") (citations omitted).  This court is not inclined to create a cause of action based upon customary international law where the legal authority in support of such a claim is virtually nonexistent and Plaintiffs' avenue of redress, if any, is derived from the United States Constitution.  The court will dismiss Plaintiffs' claim based upon customary international law.

## **ORDER**

IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.  Plaintiffs' claims are DISMISSED, except for Plaintiff Keith Maxey's Eighth Amendment claim.  The survival of Keith Maxey's Eighth Amendment claim will allow this matter to proceed on the merits, in accordance with the court's scheduling order issued February 10, 2011.

                                                        s/John Corbett O'Meara
                                                        United States District Judge

Date:  July 15, 2011

      I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 15, 2011, using the ECF system.

                                                        s/William Barkholz
                                                        Case Manager