UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HILL, JEMAL TIPTON, DAMION
TODD, BOBBY HINES, KEVIN BOYD, BOSIE
SMITH, JENNIFER PRUITT, MATTHEW
BENTLEY, and KEITH MAXEY,

    Plaintiffs,

v.

RICK SNYDER, in his official capacity as
Governor of the State of Michigan, RICHARD
MCKEON, in his official capacity as Interim
Director, Michigan Department of Corrections,
BARBARA SAMPSON, in her official capacity
as Chair, Michigan Parole Board, jointly and severally,

    Defendants.
_____/

Case No. 10-14568

Hon. John Corbett O'Meara

## ORDER DENYING DEFENDANTS' MOTION
## FOR CERTIFICATION OF INTERLOCUTORY APPEAL

This case involves Plaintiffs' challenge to the constitutionality of Michigan's sentencing scheme, which permits sentences of life without parole for juveniles. On July 15, 2011, the court granted in part and denied in part Defendants' motion to dismiss. The surviving claim is Plaintiff Keith Maxey's claim under the Eighth Amendment.

Before the court is Defendants' motion for certification of interlocutory appeal and request for stay pending appeal. Plaintiff opposes Defendants' motion. To obtain permission to appeal pursuant to 28 U.S.C. § 1292(b), Defendants must show that: "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal

would materially advance the ultimate termination of the litigation." <u>Vitols v. Citizens Banking Co.</u>, 984 F.2d 168, 170 (6th Cir. 1993). "Review under § 1292(b) should be sparingly granted and then only in exceptional cases." <u>Id.</u>

The court is not persuaded that this is in an exceptional case warranting immediate appellate review under § 1292(b). In denying Defendants' Rule 12(b)(6) motion, the court determined that Keith Maxey stated a claim under the Eighth Amendment. As the court stated in its opinion, the "full Eighth Amendment analysis required by <u>Graham</u> involves the presentation of evidence that is not yet before the court on this Rule 12(b)(6) motion." See <u>Graham v. Florida</u>, 130 S.Ct. 2011 (2010). An immediate appeal at this stage would not advance this litigation, but delay the presentation of evidence needed to conduct the analysis required by <u>Graham</u>.

Therefore, IT IS HEREBY ORDERED that Defendants' motion for certification of interlocutory appeal and request for stay pending appeal is DENIED.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date: January 12, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 12, 2012, using the ECF system.

                                            s/William Barkholz
                                            Case Manager