UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HILL, *et al.,*

      Plaintiffs,

                                Case No. 10-14568

v.

                                Hon. John Corbett O'Meara

RICK SNYDER, *et al.,*

      Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

Before the court are cross-motions for summary judgment, which have been fully briefed. The court heard oral argument on September 20, 2012, and took the matter under advisement. For the reasons discussed below, Plaintiffs' motion is granted in part and denied in part, and Defendants' motion is denied.

## BACKGROUND FACTS

On November 17, 2010, Plaintiffs filed a complaint challenging the constitutionality of M.C.L. § 791.234(6)(a), which prohibits the Michigan Parole Board from considering for parole those sentenced to life in prison for first-degree murder. Specifically, Plaintiffs seek a declaration the M.C.L. § 791.234(6)(a) is unconstitutional as applied to those who were convicted when they were under the age of eighteen. On July 15, 2011, the court granted Defendants' motion to dismiss, on statute of limitations grounds, as to all Plaintiffs except Keith Maxey. The court found that Maxey could state a claim for relief under the Eighth Amendment. On February 1, 2012, Plaintiffs filed an amended complaint, adding Plaintiffs whose claims are

not barred by the statute of limitations.[1]

The United States Supreme Court recently held that mandatory life without parole sentences for juveniles violate the Eighth Amendment's prohibition against cruel and unusual punishment. Miller v. Alabama, 132 S.Ct. 2455 (2012). Based upon Miller, Plaintiffs seek summary judgment and equitable relief on their Eighth Amendment claim.

## LAW AND ANALYSIS

### I.   Michigan's Parole Statute Is Unconstitutional as Applied to Juveniles

In Miller, the Court found mandatory life without parole sentencing schemes for juveniles convicted of homicide to be unconstitutional:

> Graham, Roper, and our individualized sentencing decisions make clear that a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles. By requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory sentencing schemes before us violate this principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment.

Miller, 132 S.Ct. at 2475. In this case, each of the Plaintiffs was tried as an adult and convicted of first-degree murder. As a result, they received mandatory life sentences. Pursuant to statute, the parole board lacks jurisdiction over anyone convicted of first-degree murder. M.C.L. § 791.234(6). This statutory scheme combines to create life without parole sentences for those who committed their crimes as juveniles. This type of sentencing scheme is clearly

---

[1] The court dismissed Plaintiffs' due process and "customary international law" claims for failure to state a claim on July 15, 2011. Plaintiffs' amended complaint contains the due process and customary international law claims that were previously dismissed. These claims are no longer before the court.

unconstitutional under <u>Miller</u>.

## II.   <u>*Miller* **Applies Retroactively**</u>

Defendants argue, however, that <u>Miller</u> does not apply retroactively.  Courts have

disagreed whether <u>Miller</u> applies retroactively to cases on collateral review.  <u>Compare</u> <u>Craig v.</u>

<u>Cain</u>, 2013 WL 69128 (5th Cir. Jan. 4, 2013) (not retroactive); <u>People v. Carp</u>, 2012 WL 5846553

(Mich. App. Nov. 15, 2012) (not retroactive); <u>Geter v. State</u>, 2012 WL 4448860 (Fla. App. Sept.

27, 2012) (not retroactive); <u>with</u> <u>State v. Simmons</u>, 99 So.3d 28 (La. 2012) (allowing for

resentencing on collateral review in light of <u>Miller</u>); <u>People v. Morfin</u>, 2012 WL 6028634 (Ill.

App. Nov. 30, 2012) (<u>Miller</u> retroactive).  This case is not, however, before the court on

collateral review.  Rather, Plaintiffs challenge the constitutionality of Michigan's parole statute

under § 1983.

"[B]oth the common law and our own decisions" have "recognized a general rule of

retrospective effect for the constitutional decisions of this Court."  <u>Harper v. Virginia Dept. of</u>

<u>Taxation</u>, 509 U.S. 86, 94 (1993).  "When this Court applies a rule of federal law to the parties

before it, that rule is the controlling interpretation of federal law and must be given full

retroactive effect in all cases still open on direct review and as to all events, regardless of

whether such events predate or postdate our announcement of the rule." <u>Id.</u> at 97.  Because

<u>Miller</u> was decided while this case was pending, its rule applies to the parties before the court.[2]

---

[2] Moreover, this court would find <u>Miller</u> retroactive on collateral review, because it is a new substantive rule, which "generally apply retroactively." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351-52 (2004).  "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." <u>Id.</u> at 353.  "Such rules apply retroactively because they 'necessarily carry a significant risk that a defendant . . . faces punishment that the law cannot impose upon him.'" <u>Id.</u> at 352.  <u>Miller</u> alters the class of persons (juveniles) who can receive a category of punishment (mandatory life without parole).  Further, the Supreme Court

Indeed, if ever there was a legal rule that should – as a matter of law and morality – be given

retroactive effect, it is the rule announced in <u>Miller</u>.  To hold otherwise would allow the state to

impose *unconstitutional* punishment on some persons but not others, an intolerable miscarriage

of justice.

### III.    <u>Relief Sought by Plaintiffs</u>

The issue here is what type of relief this court can afford to Plaintiffs.  In considering

this, the court must be mindful of the procedural posture of this case.  Plaintiffs have exhausted

direct review of their convictions and sentences; they are not seeking a writ of habeas corpus.

Rather, they are asking that the court declare M.C.L. § 791.234(6) (the parole statute)

unconstitutional under § 1983.  The distinction is important because Plaintiffs cannot attack their

<u>sentences</u> under § 1983; rather, such relief must be obtained in state court or through habeas

corpus.  Indeed, Plaintiffs were careful to circumscribe their request for relief, emphasizing that

they were <u>not</u> attacking their sentences, in order to survive Defendants' motion to dismiss.  <u>See</u>

July 15, 2011 Order at 8-9.

For this reason, the court cannot announce a categorical ban on a sentence of life without

parole for juveniles, as Plaintiffs now request.  <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005)

("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his

confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead.").

Despite the fact that they cannot challenge their sentences here, Plaintiffs suggest in their

---

applied <u>Miller</u> to the companion case before it – on collateral review –  and vacated the sentence
of Kuntrell Jackson.  "[O]nce a new rule is applied to the defendant in the case announcing the
rule, evenhanded justice requires that it be applied retroactively to all who are similarly
situated." <u>Teague v. Lane</u>, 489 U.S. 288, 300 (1989).

brief that they are entitled to a "judicial hearing with full consideration of the mitigating circumstances attendant to their child status at the time they committed the offense so that their punishment reflects their lesser culpability and inherent rehabilitation capabilities." Pls.' Br. at 1. In other words, Plaintiffs suggest that they are entitled to re-sentencing. This is not relief that this court can grant in this case. Plaintiffs must seek such relief in state court or, if necessary, through a writ of habeas corpus.

Plaintiffs are entitled to relief with respect to the parole statute itself, however. The court declares M.C.L. 791.234(6) unconstitutional as it applies to these Plaintiffs, who received mandatory life sentences as juveniles. As a result, Plaintiffs will be eligible and considered for parole. It remains to be determined how that process will work and what procedures should be in place to ensure that Plaintiffs are fairly considered for parole. In this respect, the court will need further input from the parties.

Plaintiffs argue that the current parole system in Michigan, where parole may be denied "for any reason or no reason at all," is not a constitutional mechanism for compliance with Graham and Miller. However, is not clear what Plaintiffs want the system to look like, other than to require "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." Graham, 130 S.Ct. at 2030. The undefined nature of Plaintiffs' request regarding changes in the parole system does not satisfy Plaintiffs' burden of demonstrating that they are entitled to summary judgment here. Plaintiffs need to articulate more clearly what changes in the parole system they believe are required by Eighth Amendment.

It may be that Plaintiffs are granted new sentencing hearings in state court, which may obviate the need for changes in the parole system. It appears, however, that the State and state

courts (see Carp) intend to resist granting such hearings.  Under these circumstances, the court believes that compliance with Miller and Graham requires providing a fair and meaningful possibility of parole to each and every Michigan prisoner who was sentenced to life for a crime committed as a juvenile.

The court directs the parties to provide further briefing on the issue of the procedures that court may equitably put in place to ensure that Plaintiffs receive a fair and meaningful opportunity to demonstrate that they are appropriate candidates for parole.  Plaintiffs shall submit their brief by **March 1, 2013;** Defendants shall submit a response by **March 22, 2013.** Plaintiffs may submit a reply by **March 29, 2013.**

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion for summary judgment is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment is DENIED.

s/John Corbett O'Meara
United States District Judge

Date:  January 30, 2013


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 30, 2013, using the ECF system.


s/William Barkholz
Case Manager

-6-