UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HILL, *et al.*,

    Plaintiffs,

v.

                                           Case No. 10-14568

RICK SNYDER, *et al.*,

                                           Hon. John Corbett O'Meara

    Defendants.
_____/

## ORDER DENYING MOTIONS TO INTERVENE

       Before the court are three motions to intervene filed by Patrick Neil Kinney, Ali Sareini, and Gary Lee Peters. Plaintiffs and Defendants have filed responses in opposition to these motions.

       Patrick Neil Kinney is a Michigan prisoner who was sentenced to life with the possibility of parole for second-degree murder committed when he was sixteen years old. Ali Sareini was also sentenced to life with the possibility of parole for an offense he committed when he was nineteen years old. Gary Lee Peters was sentenced to life without the possibility of parole for first-degree felony murder when he was seventeen. Each of these individuals seeks to intervene in the present action pursuant to Fed. R. Civ. P. 24.

       Under Fed. R. Civ. P. 24(a)(2), the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In order to intervene as of right under this rule, the movant must show "(1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence

of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest." United States v. Michigan, 424 F.3d 438, 443 (6th Cir. 2005).

Under Fed. R. Civ. P. 24(b), the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact."  To be granted permissive intervention, the movant must show that his claim contains a "question of law or fact in common with the main action" and must not "unduly delay or prejudice the adjudication of the original parties' rights." City of St. Louis v. Velsichol Chem. Corp., 708 F. Supp.2d 632, 668 (E.D. Mich. 2010).

The factual and legal underpinnings of the claims of Kinney and Sareini are significantly different from those of Plaintiffs.  Plaintiffs were sentenced pursuant to a mandatory scheme which prohibited the Michigan Parole Board from considering them for parole.  The court declared that scheme – specifically M.C.L. § 791.234(6) – unconstitutional as applied to those juveniles who were convicted when they were under the age of eighteen.  As a result, juveniles who received mandatory life sentences that rendered them ineligible for parole under M.C.L. § 791.234(b) are now eligible for parole.

Kinney was given a life sentence with the possibility of parole for second-degree murder. His claims center on the adequacy of certain parole procedures that were always applicable to him. Therefore, Kinney's claims are factually and legally different from Plaintiffs' and he does not have a significant legal interest in this action.  Nor does he share a common question of law or fact with the main action.

Sareini was given a life sentence with the possibility of parole for an offense committed when he was nineteen.  Unlike the Plaintiffs here, he was not given a mandatory life sentence without parole and he was not a juvenile at the time of his offense.  His claims are also legally

and factually different from Plaintiffs' claims.

Peters, on the other hand, received a mandatory life sentence without parole at age seventeen. The court has ruled that M.C.L. § 791.234(6), which prohibited Peters from being considered for parole, is unconstitutional. This ruling applies to Plaintiffs as well as those similarly situated, such as Peters. Peters contends that the Michigan Parole Board does not intend to provide him with a meaningful opportunity for parole, which is essentially the argument that Plaintiffs have made in this action.

Despite the fact that Peters has a substantial legal interest in this case, the court finds that other considerations militate against granting him mandatory or permissive intervention. Peters has not shown that his interest will be impeded or impaired absent intervention, nor has he demonstrated that the parties before the court may not adequately represent his interest. See Bradley v. Milliken, 828 F.2d 1186, 1192 (6th Cir. 1987) (demonstrating inadequate representation requires "overcom[ing] the presumption of adequacy of representation that arises when the proposed intervenor and a party to the suit ... have the same ultimate objective"). Further, at this late stage of the proceedings, when the court is prepared to determine the relief it will fashion, the addition of new parties will unduly delay this adjudication.

Therefore, IT IS HEREBY ORDERED that the motions to intervene (Docket Nos. 65, 68, and 90) are DENIED.

                                                 s/John Corbett O'Meara  
                                                 United States District Judge

Date:  August 12, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 12, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager