UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HILL, *et al.,*

       Plaintiffs,

                                      Case No. 10-14568

v.

                                        Hon. John Corbett O'Meara

RICK SNYDER, *et al.,*

       Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR RULING ON SCOPE OF SUMMARY JUDGMENT ORDER AND DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AS MOOT

Before the court is Plaintiffs' motion for a ruling on the scope of the court's January 30, 2013 order, filed March 29, 2013, and Plaintiffs' motion for class certification, filed May 21, 2013. Finding the issues fully explicated in the briefs, the court did not hear oral argument.

This case involves M.C.L. § 791.234(6)(a), which prohibited the Michigan Parole Board from considering for parole those sentenced to life in prison for first-degree murder. On January 30, 2013, the court declared that M.C.L. § 791.234(6)(a) is unconstitutional as applied to juveniles who were convicted when they were under the age of eighteen. In further briefing regarding equitable relief, Defendants have taken the position that the court's ruling applies only to the Plaintiffs named in this action. In other words, Defendants believe they may enforce the statute, which the court has declared unconstitutional, with respect to other juveniles sentenced to life in prison. As the court now makes clear, Defendants are incorrect.

Plaintiffs are not required to bring a class action to obtain declaratory or injunctive relief applicable to other similarly situated individuals. See e.g., Doe v. Gallinot, 657 F.2d 1017, 1024-25 (9th Cir. 1981) ("The challenged provisions were not unconstitutional as to Doe alone,

but as to any to whom they might be applied."); Soto-Lopez v. New York City Civil Serv.

Comm'n, 840 F.2d 162, 168-69 (2d Cir. 1988) ("The availability of such injunctive relief is not

limited to class actions.  When a state statute has been ruled unconstitutional, state actors have

an obligation to desist from enforcing that statute."); Clement v. California Dept. of Corrections,

364 F.3d 1148, 1152-53 (9th Cir. 2004) (upholding statewide permanent injunction and noting

that "[t]he state offers no argument that a total internet mail ban might be constitutional if

implemented at a different prison").

        Having declared that M.C.L. § 791.234(6)(a) is unconstitutional as applied to juveniles

who were convicted when they were under the age of eighteen, the court cannot find it proper for

the state to enforce the statute against any such individuals, whether or not they are Plaintiffs in

this action.  The state has "an obligation to desist from enforcing that statute." Clement, 364 F.3d

at 1152-53.  Therefore, every person convicted of first-degree murder in the State of Michigan as

a juvenile and who was sentenced to life in prison shall be eligible for parole.

        IT IS HEREBY ORDERED that Plaintiffs' motion for a ruling on the scope of the court's

January 30, 2013 order is GRANTED.

        IT IS FURTHER ORDERED that Plaintiffs' motion for class certification is DENIED

AS MOOT.


                                s/John Corbett O'Meara
                                United States District Judge


Date:  August 12, 2013

       I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 12, 2013, using the ECF system and/or ordinary mail.

                          <u>s/William Barkholz</u>
                          Case Manager