UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HILL, *et al.*,

    Plaintiffs,

v.

RICK SNYDER, *et al.*,

    Defendants.

_____/

Case No. 10-14568

Hon. John Corbett O'Meara

## ORDER DENYING MOTION TO INTERVENE

Before the court is Edward L. Finley, Jr.'s motion to intervene, filed September 6, 2013. Plaintiffs filed a response in opposition on November 1, 2013.

Finley was sentenced to mandatory life without parole for an offense committed when he was eighteen years old. He seeks to intervene as a plaintiff in this case pursuant to Fed. R. Civ. P. 24.

Under Fed. R. Civ. P. 24(a)(2), the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In order to intervene as of right under this rule,

the movant must show "(1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest." United States v. Michigan, 424 F.3d 438, 443 (6th Cir. 2005).

Under Fed. R. Civ. P. 24(b), the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." To be granted permissive intervention, the movant must show that his claim contains a "question of law or fact in common with the main action" and must not "unduly delay or prejudice the adjudication of the original parties' rights." City of St. Louis v. Velsichol Chem. Corp., 708 F. Supp.2d 632, 668 (E.D. Mich. 2010).

This case involves Plaintiffs who were sentenced to mandatory life without parole for crimes committed as juveniles. Finley was not a juvenile, but legally an adult, when he committed his crime. Therefore, his claim does not share a question of law or fact in common with Plaintiffs' claims here, as required for permissive intervention. Nor does Finley have a significant legal interest in the subject matter of this litigation, as required for intervention as of right.

IT IS HEREBY ORDERED that Finley's motion to intervene is DENIED.

s/John Corbett O'Meara<br>United States District Judge

Date:  November 26, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 26, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager

-3-