# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: July 20, 2016

Mr. Daniel S. Korobkin

Ms. Deborah A. LaBelle

Ms. Margaret A Nelson

Mr. Bernard Eric Restuccia

Mr. Michael Jay Steinberg

Mr. Steven M. Watt

      Re: Case No. 16-2003, *Henry Hill, et al v. Rick Snyder, et al*
           Originating Case No. : 5:10-cv-14568

Dear Counsel:

  The Court issued the enclosed Order today in this case.

                            Sincerely yours,

                            s/Patricia J. Elder
                            Senior Case Manager
                            Direct Dial No. 513-564-7034

cc: Mr. David J. Weaver

Enclosure

No. 16-2003

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

HENRY HILL; JEMAL TIPTON; DAMION
LAVOIAL TODD; BOBBY HINES; KEVIN BOYD;
BOSIE SMITH; JENNIFER PRUITT; MATTHEW
BENTLEY; KEITH MAXEY; GIOVANNI
CASPER; JEAN CARLOS CINTRON; NICOLE
DUPURE; DONTEZ TILLMAN, individually and on
behalf of those similarly situated,

      Plaintiffs-Appellees,

v.

RICK SNYDER, in his Official Capacity as Governor
of the State of Michigan; HEIDI E. WASHINGTON,
Director of the Michigan Department of Corrections;
MICHAEL EAGEN, Chair, Michigan Parole Board;
BILL SCHUETTE, Attorney General,

      Defendants-Appellants.

**FILED**
Jul 20, 2016
DEBORAH S. HUNT, Clerk

O R D E R

Before: MERRITT, STRANCH, and DONALD, Circuit Judges.

This case concerns persons incarcerated as juveniles who were previously sentenced to mandatory life without parole under Michigan law. On May 11, 2016, we entered a decision concerning four district court orders appealed before us. *See Hill v. Snyder*, 821 F.3d 763 (6th Cir. 2016); *see also* Notice of Appeal at 2, *Hill v. Snyder*, No. 10-cv-14568 (E.D. Mich. Dec. 5, 2013), ECF No. 108 (appealing docket entries #31, #62, #95, and #107). In ruling on these four district court orders, our opinion "VACATE[D] the challenged district court orders and REMAND[ED]" for reconsideration "under the legal landscape established by" the Supreme

No. 16-2003
-2-

Court's decisions in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and our opinion. *Hill*, 821 F.3d at 765; *see also id.* at 771 ("[W]e vacate the district court's challenged orders and remand[.]"); *id.* ("[W]e VACATE the district court's orders and REMAND with instructions to grant the parties leave to amend the pleadings and supplement the record.").

On remand, the district court entered a temporary restraining order (TRO) preventing Defendants from filing motions to resentence Plaintiffs, and other persons incarcerated as juveniles, pursuant to Mich. Comp. Laws § 769.25a(4)(b) and scheduling a preliminary injunction hearing for July 28, 2016. *See* Order Granting Mot. for TRO at 2–3, *Hill v. Snyder*, No. 10-cv-14568 (E.D. Mich. Jul. 7, 2016), ECF No. 137. Defendants have filed an emergency motion asking this court to stay the district court's TRO. Plaintiffs have filed a motion to dismiss for lack of jurisdiction, to which Defendants have responded.

"[T]his court generally lacks jurisdiction to hear an appeal of the district court's decision to grant or deny a TRO." *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1005 (6th Cir. 2006); *see also Ohio Republican Party v. Brunner*, 543 F.3d 357, 360 (6th Cir. 2008). We have explained that "[t]he rationale for this rule is that TROs are of short duration and usually terminate with a prompt ruling on a preliminary injunction, from which the losing party has an immediate right of appeal." *Ne. Ohio Coal. for the Homeless*, 467 F.3d at 1005. We have recognized an exception to this rule, however, for TROs that have "the practical effect of an injunction." *Id.* Accordingly, courts have allowed interlocutory appeals of "TROs which threatened to inflict irretrievable harms before the TRO expired[,]" and "TROs that do not preserve the status quo but rather act as a mandatory injunction requiring affirmative action." *Id.* at 1005–06. Where jurisdictional facts are in dispute, the party claiming jurisdiction bears the

No. 16-2003
-3-

burden of demonstrating that this court has subject-matter jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990).

Defendants' response in opposition to Plaintiffs' motion to dismiss argues that this court has jurisdiction because the TRO at issue functions as an injunction, threatening both to inflict irretrievable harm and to upset the status quo. It is undisputed that the statutory deadline for the State to file resentencing motions under Section 769.25a(4)(b) is August 24, 2016, almost a month after the scheduled July 28th preliminary injunction hearing. This allows sufficient time for the district court to rule on a preliminary injunction prior to the filing deadline. Defendants' asserted preference for filing earlier out of an abundance of caution is not controlling, and we find that they have not demonstrated irretrievable harm on that basis. With respect to the status quo, however, Defendants are correct that the TRO requires affirmative action—it orders Defendants to advise state prosecutors that they may not file motions for resentencing pursuant to Section 769.25a(4)(b), which the Michigan State Legislature had otherwise authorized them to do. Consequently, we conclude that we have jurisdiction over Defendants' emergency motion to stay the TRO.

We review a district court's decision to grant a temporary restraining order, when appealable, for an abuse of discretion. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Ne. Ohio Coal. for the Homeless*, 467 F.3d at 1009). In so doing, we determine whether a TRO should be stayed by analyzing the same four factors used to determine whether a TRO or preliminary injunction should issue in the first place: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent a stay; (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay. *Id.* "A district court abuses its

No. 16-2003
-4-

discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Workman v. Bredesen*, 486 F.3d 896, 904 (6th Cir. 2007) (citation omitted). The order granting the TRO relies on a misinterpretation of our May 11 opinion, which, as explained above, vacated four of the district court's prior orders, including the "orders of January 30, 2013 and August 12, 2013[.]" (R. 137, PageID 1720.) It was therefore an abuse of discretion to grant the TRO.

Accordingly, Plaintiffs' motion to dismiss is **DENIED**, and Defendants' emergency motion is **GRANTED**. The TRO is **STAYED** pending the district court's resolution of Plaintiffs' motion for a preliminary injunction.

ENTERED BY THE COURT

CLERK