UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HILL, *et al.*,

    Plaintiffs,

v.

RICK SNYDER, *et al.*,

    Defendants.

_____/

Case No. 10-14568

Hon. John Corbett O'Meara

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Before the court is Plaintiffs' motion for preliminary injunction. The court heard oral argument on July 28, 2016, and took the matter under advisement.

### BACKGROUND FACTS

Plaintiffs are serving mandatory life sentences for crimes they committed when they were under the age of eighteen. This case began in 2010 with Plaintiffs' challenge to the constitutionality of M.C.L. § 791.234(6), which prohibits the Michigan Parole Board from considering for parole those sentenced to life in prison for first-degree murder. The court determined that § 791.234(6) was unconstitutional as applied to juveniles who had received mandatory life sentences and who were rendered ineligible for parole consideration. See Doc. 62 (January

30, 2013 Order). The court found § 791.234(6) ran afoul of Miller v. Alabama, 132 S.Ct. 2455 (2012), in which the Supreme Court held that mandatory life-without-parole sentences for juveniles violated the Eighth Amendment's prohibition against cruel and unusual punishment. Although Miller did not categorically ban life-without-parole sentences for juveniles, it declared that juveniles are entitled to individualized consideration of the mitigating and transient qualities of youth before the imposition of such a sentence. Id. at 2464-69.

After this court declared M.C.L. § 791.234(6) unconstitutional as applied to juveniles, it sought additional briefing from the parties regarding the appropriate remedy. On November 26, 2013, the court ordered immediate compliance with Miller and required Plaintiffs to be given parole consideration. Defendants appealed, and the Sixth Circuit stayed the court's November 26, 2013 order pending appeal.

In 2014 – while this case was on appeal – the Michigan Legislature passed a statute in response to Miller. See M.C.L. §§ 769.25, 769.25a. Section 769.25a provides for resentencing – rather than parole consideration – in the event Miller was determined to apply retroactively (to the Plaintiffs):

> If the state supreme court or the United States supreme court finds that the decision of the United States supreme court in *Miller v. Alabama* . . . applies retroactively to all defendants who were under the age of 18 at the time of

> their crimes, and that decision is final for appellate purposes, the determination of whether a sentence of imprisonment for [first-degree murder] shall be imprisonment for life without parole eligibility or a term of years as set forth in section 25(9) of this chapter shall be made by the sentencing judge or his or her successor as provided in this section.

Id.

The statute allows prosecuting attorneys to file motions requesting that juvenile offenders be given life-without-parole sentences. With respect to Plaintiffs, the deadline for filing these motions is August 24, 2016.[1] The defendant is then entitled to a resentencing hearing, at which "the court shall consider the factors listed in Miller v. Alabama . . . and may consider any other criteria relevant to its decision, including the individual's record while incarcerated." M.C.L. § 769.25(6). At the hearing, "the court shall specify on the record the aggravating and mitigating circumstances considered by the court and the court's reasons supporting the sentence imposed. The court may consider evidence presented at trial together with any evidence presented at the sentencing." M.C.L. § 769.25(7).

In a recent decision, the Michigan Court of Appeals emphasized its

---

[1] The statute provides prosecutors with 180 days after the "date the supreme court's decision [finding Miller retroactive] becomes final." The Court found Miller to be retroactive in Montgomery v. Louisiana, 136 S.Ct. 71 (2016). The mandate in Montgomery was entered on February 26, 2016, triggering the beginning of the 180-day period.

understanding of Miller and cautioned that "when sentencing a juvenile offender, a trial court must begin with the understanding that, in all but the rarest of circumstances, a life-without-parole sentence will be disproportionate for the juvenile offender at issue. Thus, a sentencing court must begin its analysis with the understanding that life-without-parole is, unequivocally, only appropriate in rare cases." People v. Hyatt, __ N. W.2d __, 2016 WL 3941269 (Mich. App. July 21, 2016). The court further noted that appellate courts should "conduct a searching inquiry and view as inherently suspect any life-without-parole sentence imposed on a juvenile offender under MCL 769.25." Id.

If the prosecutor decides not to seek a life-without-parole sentence, "the court shall sentence the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years." M.C.L. § 769.25a(4)(c).

In January 2016, the Supreme Court held in Montgomery v. Louisiana, 136 S.Ct. 718 (2016) that Miller was retroactive and that mandatory life-without-parole sentences that became final prior to Miller (like those imposed upon Plaintiffs) were void. Montgomery, 136 S.Ct. at 731, 733-34 ("There is no grandfather clause that permits States to enforce punishments the Constitution forbids.").

After the enactment of M.C.L. §§ 769.25 and 769.25a, and the Montgomery

decision, the Sixth Circuit decided the appeal of this court's orders in this case. On May 11, 2016, the Sixth Circuit found that the significant changes that had occurred in the legal landscape during the pendency of the appeal required remand:

> After careful consideration of the substantive issues at stake, the current procedural posture of the case, and the significant intervening legal changes described above, we vacate the district court's challenged orders and remand with instructions to provide the parties leave to amend their pleadings and to supplement the record as needed, particularly with respect to the current statutory scheme governing plaintiffs' sentences and eligibility for parole. We vacate the court's prior orders to enable the court to address remedies in the context of the new legal landscape and because it is necessary in light of our instructions to allow the parties leave to amend the pleadings.

Hill v. Snyder, 821 F.3d. 763, 771 (6th Cir. 2016).

After remand, Plaintiffs amended their complaint to challenge the constitutionality of M.C.L. §§ 769.25 and 25a under the Eighth Amendment and the Ex Post Facto Clause. Plaintiffs also filed a motion for a temporary restraining order/preliminary injunction, requesting that the court stop state prosecutors from seeking life-without-parole sentences in their cases, consistent with the court's previous orders granting Plaintiffs parole eligibility. The court granted the TRO, setting a hearing date for the preliminary injunction for July 28. Defendants appealed and the Sixth Circuit reversed, noting that the TRO relied upon this

court's previous orders, which were all vacated by the Sixth Circuit on May 11, 2016.

Acknowledging the Sixth Circuit's decision, Plaintiffs base their injunction motion on the new claims raised in their amended complaint, rather than the court's previous orders. Plaintiffs seek a determination that the life-without-parole resentencing statute (§ 769.25a) would subject them to unconstitutional punishment. Plaintiffs urge the court to enjoin state prosecutors from seeking life-without-parole sentences pursuant to § 769.25a.

## LAW AND ANALYSIS

In determining whether to grant a preliminary injunction, the court considers four factors: (1) the moving party's likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm in the absence of an injunction; (3) whether an injunction will cause substantial harm to others; and (4) the public interest. See Liberty Coins, LLC v. Goodman, 748 F.3d 682, 689-90 (6th Cir. 2014). Although these are factors to be balanced, rather than prerequisites, "[w]hen a party seeks a preliminary injunction on the basis of a potential constitutional violation, 'the likelihood of success on the merits often will be the determinative factor.'" Liberty Coins, 748 F.3d at 689 (citation omitted).

Pursuant to 42 U.S.C. § 1983, Plaintiffs challenge the constitutionality of

M.C.L. § 769.25a because it continues to allow the possibility of life-without-parole sentences for juveniles. In particular, Plaintiffs contend that § 769.25a is an ex post facto law and that it violates the Eighth Amendment.

The changes in the legal landscape present difficulties for Plaintiffs' § 1983 claims. This case began as a challenge to the parole statute (M.C.L. § 791.234(6)) that denied Plaintiffs consideration for parole. This court found Plaintiffs' claim to be cognizable under § 1983 because Plaintiffs sought only the opportunity to be considered for parole; they did not seek to challenge their sentences or invalidate the duration of their confinement. See Docket No. 31 (July 15, 2011 order) at 8-9; Docket No. 62 (January 30, 2013 order) at 4-6. See also Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

Plaintiffs' amended complaint and request for injunctive relief is different. Plaintiffs now argue that M.C.L. § 769.25a – which governs sentencing, not parole – subjects them to "ongoing unconstitutional punishment." Pls.' Reply at 3. Plaintiffs argue that it is unconstitutional to subject them to the possibility of life-without-parole sentences and that state prosecutors are impermissibly seeking life-without-parole sentences as a routine matter.

The court pauses to note that Plaintiffs have not yet been resentenced; none has received a life-without-parole sentence pursuant to M.C.L. § 769.25a.

Plaintiffs argue that the court should preclude state courts from *considering* such sentences. The Supreme Court has not, however, *categorically* banned life-without-parole sentences for all juveniles. Miller, 132 S.Ct. at 2469 ("Although we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison."). The Court has also reserved for the States the determination of how to comply with Miller. See Montgomery, 136 S.Ct. at 735 (noting that "[w]hen a new substantive rule of constitutional law is established, this Court is careful to limit the scope of any attendant procedural requirement to avoid intruding more than necessary upon the States' sovereign administration of their criminal justice systems."). Although the Michigan Legislature could have achieved compliance by providing Plaintiffs with the opportunity for parole hearings, it took the resentencing approach. This approach allows Plaintiffs the opportunity to present evidence of mitigating factors and their rehabilitation, which is consistent with what Plaintiffs have sought from the beginning of this case.

    Plaintiffs argue that the possibility that they may be resentenced to life without parole is unconstitutional and that the court should preclude state prosecutors from seeking such a sentence. This claim oversteps the boundary – so

carefully drawn in the original complaint – between cases Plaintiffs may bring pursuant to § 1983 and those they may not. The Supreme Court has made clear that a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson, 544 U.S. at 78 (citations omitted). See also Heck v. Humphrey, 512 U.S. 477 (1994). In Wilkinson, the Court explained that it "has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81.

Plaintiffs contend that they should not be subject to life-without-parole sentences, which are only appropriate for "the rare juvenile offender whose crime reflects irreparable corruption." Miller, 132 S.Ct. at 2469. Such a challenge is appropriately brought in state court at their resentencing hearings, then upon appellate and habeas review, as necessary. Because Plaintiffs may not challenge a sentence of life without parole under § 1983, they are unlikely to succeed on the merits of their claim for injunctive relief.

It remains to be determined whether Plaintiffs' amended complaint

otherwise presents a claim upon which this court may grant relief.  Plaintiffs have not, however, demonstrated that they are likely to succeed on the merits of the claims before the court in their preliminary injunction motion.  Therefore, Plaintiffs have not sustained their burden of demonstrating that they are entitled to injunctive relief.

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion for preliminary injunction is DENIED.

s/John Corbett O'Meara<br>United States District Judge

Date:  August 3, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 3, 2016, using the ECF system.

s/William Barkholz<br>Case Manager