UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HILL, *et al.*,

      Plaintiffs,

                                    Case No. 10-14568

v.

                                      Hon. John Corbett O'Meara

RICK SNYDER, *et al.*,

      Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the court is Defendants' motion to dismiss Plaintiffs' amended complaint, which has been fully briefed. The court heard oral argument on November 17, 2016, and took the matter under advisement. For the reasons explained below, Defendants' motion is granted.

## BACKGROUND FACTS

Plaintiffs were sentenced to mandatory life sentences for crimes they committed when they were under the age of eighteen. This case began in 2010 with Plaintiffs' challenge to the constitutionality of M.C.L. § 791.234(6), which prohibits the Michigan Parole Board from considering for parole those sentenced

to life in prison for first-degree murder.  The court determined that § 791.234(6) was unconstitutional as applied to juveniles who had received mandatory life sentences and who were rendered ineligible for parole consideration.  See Doc. 62 (January 30, 2013 Order).  The court found § 791.234(6) ran afoul of Miller v. Alabama, 132 S.Ct. 2455 (2012), in which the Supreme Court held that mandatory life-without-parole sentences for juveniles violated the Eighth Amendment's prohibition against cruel and unusual punishment.  Although Miller did not categorically ban life-without-parole sentences for juveniles, it declared that juveniles are entitled to individualized consideration of the mitigating and transient qualities of youth before the imposition of such a sentence. Id. at 2464-69.

After this court declared M.C.L. § 791.234(6) unconstitutional as applied to juveniles, it sought additional briefing from the parties regarding the appropriate remedy.  On November 26, 2013, the court ordered immediate compliance with Miller and required Plaintiffs to be given parole consideration.  Defendants appealed, and the Sixth Circuit stayed the court's November 26, 2013 order pending appeal.

In 2014 – while this case was on appeal – the Michigan Legislature passed a statute in response to Miller.  See M.C.L. §§ 769.25, 769.25a.  Section 769.25a provides for resentencing – rather than parole consideration – in the event Miller

was determined to apply retroactively (to the Plaintiffs):

> If the state supreme court or the United States supreme
> court finds that the decision of the United States supreme
> court in *Miller v. Alabama* . . . applies retroactively to all
> defendants who were under the age of 18 at the time of
> their crimes, and that decision is final for appellate
> purposes, the determination of whether a sentence of
> imprisonment for [first-degree murder] shall be
> imprisonment for life without parole eligibility or a term
> of years as set forth in section 25(9) of this chapter shall
> be made by the sentencing judge or his or her successor
> as provided in this section.

Id.

The statute allows prosecuting attorneys to file motions requesting that

juvenile offenders be given life-without-parole sentences.  (With respect to

Plaintiffs, the deadline for filing these motions was August 24, 2016.)[1]  The

defendant is then entitled to a resentencing hearing, at which "the court shall

consider the factors listed in Miller v. Alabama . . . and may consider any other

criteria relevant to its decision, including the individual's record while

incarcerated." M.C.L. § 769.25(6).  At the hearing, "the court shall specify on the

record the aggravating and mitigating circumstances considered by the court and

---

[1] The statute provides prosecutors with 180 days after the "date the supreme
court's decision [finding Miller retroactive] becomes final."  The Court found Miller to be
retroactive in Montgomery v. Louisiana, 136 S.Ct. 71 (2016).  The mandate in
Montgomery was entered on February 26, 2016, triggering the beginning of the 180-day
period.

the court's reasons supporting the sentence imposed. The court may consider evidence presented at trial together with any evidence presented at the sentencing." M.C.L. § 769.25(7).

In a recent decision, the Michigan Court of Appeals emphasized its understanding of Miller and cautioned that "when sentencing a juvenile offender, a trial court must begin with the understanding that, in all but the rarest of circumstances, a life-without-parole sentence will be disproportionate for the juvenile offender at issue. Thus, a sentencing court must begin its analysis with the understanding that life-without-parole is, unequivocally, only appropriate in rare cases." People v. Hyatt, __ N. W.2d __, 2016 WL 3941269 (Mich. App. July 21, 2016). The court further noted that appellate courts should "conduct a searching inquiry and view as inherently suspect any life-without-parole sentence imposed on a juvenile offender under MCL 769.25." Id.

If the prosecutor decides not to seek a life-without-parole sentence, "the court shall sentence the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years." M.C.L. § 769.25a(4)(c).

In January 2016, the Supreme Court held in Montgomery v. Louisiana, 136 S.Ct. 718 (2016) that Miller was retroactive and that mandatory life-without-parole

-4-

sentences that became final prior to Miller (like those imposed upon Plaintiffs) were void. Montgomery, 136 S.Ct. at 731, 733-34 ("There is no grandfather clause that permits States to enforce punishments the Constitution forbids.").

After the enactment of M.C.L. §§ 769.25 and 769.25a, and the Montgomery decision, the Sixth Circuit decided the appeal of this court's orders in this case. On May 11, 2016, the Sixth Circuit found that the significant changes that had occurred in the legal landscape during the pendency of the appeal required remand:

> After careful consideration of the substantive issues at stake, the current procedural posture of the case, and the significant intervening legal changes described above, we vacate the district court's challenged orders and remand with instructions to provide the parties leave to amend their pleadings and to supplement the record as needed, particularly with respect to the current statutory scheme governing plaintiffs' sentences and eligibility for parole. We vacate the court's prior orders to enable the court to address remedies in the context of the new legal landscape and because it is necessary in light of our instructions to allow the parties leave to amend the pleadings.

Hill v. Snyder, 821 F.3d. 763, 771 (6th Cir. 2016).

After remand, Plaintiffs amended their complaint to challenge the constitutionality of M.C.L. §§ 769.25 and 25a under the Eighth Amendment, among other claims. Plaintiffs also filed a motion for a temporary restraining order/preliminary injunction, requesting that the court stop state prosecutors from

seeking life-without-parole sentences in their cases, consistent with the court's previous orders granting Plaintiffs parole eligibility. The court granted the TRO, setting a hearing date for the preliminary injunction for July 28, 2016. Defendants appealed and the Sixth Circuit reversed, noting that the TRO relied upon this court's previous orders, which were all vacated by the Sixth Circuit on May 11, 2016.

Acknowledging the Sixth Circuit's decision, Plaintiffs based their injunction motion on the new claims raised in their amended complaint, rather than the court's previous orders. Plaintiffs sought a determination that the life-without-parole resentencing statute (§ 769.25a) would subject them to unconstitutional punishment. Plaintiffs urged the court to enjoin state prosecutors from seeking life-without-parole sentences pursuant to § 769.25a.

This court denied Plaintiffs motion for preliminary injunction because it determined that Plaintiffs were unlikely to succeed on the merits of their claims. See Docket No. 158. The court found that Plaintiffs could not challenge the constitutionality of their sentences (which they have not yet received) because such a challenge would run afoul of Heck v. Humphrey, 512 U.S. 477 (1994). "The Supreme Court has made clear that a 'prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." He must seek federal

-6-

habeas corpus relief (or appropriate state relief) instead.'" Opinion and Order

Denying Plaintiffs' Motion for Preliminary Injunction at 9, Docket No. 158.

Defendants seek dismissal of Plaintiffs' amended complaint, which alleges

the following causes of action: Count I, challenging the constitutionality of M.C.L.

791.234(6) (parole statute) under the Eighth and Fourteenth Amendments; Count

II, challenging the constitutionality of M.C.L. 750.316, 769.25, 769.25a, and

791.234 under the Eighth Amendment because this scheme subjects Plaintiffs to

sentences of life imprisonment without parole; Count III (voluntarily dismissed);

Count IV, challenging constitutionality of M.C.L. 750.316, 769.25, 769.25a

because the maximum 60 year sentence is the equivalent of life in prison; Count V,

challenging 769.25a under the Ex Post Facto Clause because it deprives Plaintiffs

of good-time credits on time served; Count VI, challenging Defendants' failure to

provide Plaintiffs with access to programming, education, training, and

rehabilitation opportunities under the Eighth and Fourteenth Amendments; and

Count VII (voluntarily dismissed).

## LAW AND ANALYSIS

## I.   Count I

In Count I, Plaintiffs reassert their claim that the parole statute, M.C.L.

791.234(6), is unconstitutional "because it deprives Plaintiffs punished with a

mandatory sentence of life imprisonment to a meaningful opportunity to obtain release based upon their demonstrated maturity and rehabilitation."  On January 30, 2013, this court found M.C.L. 791.234(6) to be unconstitutional under Miller v. Alabama, 132 S.Ct. 2455 (2012), which declared that mandatory life without parole sentencing schemes for juveniles violated the Eighth Amendment.  Since that decision, the legal context has changed significantly: the Michigan Legislature has eliminated mandatory life without parole sentences for juveniles in compliance with Miller; the Supreme Court has determined that Miller is retroactive and that mandatory life-without-parole sentences that became final prior to Miller (like those imposed upon Plaintiffs) are void; Plaintiffs have amended their complaint to challenge the new sentencing scheme; and Plaintiffs' criminal cases have been reopened and they now await resentencing pursuant to M.C.L. 769.25a.

Most significantly with respect to Count I, M.C.L. 791.234(6) no longer applies to Plaintiffs.  The statute provides that individuals sentenced to life imprisonment for certain offenses (including first degree murder) are not eligible for parole.  By operation of M.C.L. 769.25 and 769.25a, however, a juvenile's eligibility for parole is not determined by M.C.L. 791.234(6), but the sentencing judge.  Because M.C.L. 791.234(6) no longer applies to Plaintiffs, their challenge to it is moot.  See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990);

<u>McPherson v. Michigan High School Athletic Assn.</u>, 119 F.3d 453, 458 (6th Cir.

1997) ("The test for mootness is whether the relief sought would, if granted, make

a difference in the legal interests of the parties.").  The court will dismiss Count I.

## II.   <u>Counts II and IV</u>

In Counts II and IV, Plaintiffs challenge the constitutionality of the

sentencing scheme set forth in M.C.L. 769.25 and 769.25a.  In Count II, Plaintiffs

contend that a life without parole sentence for juveniles categorically violates the

Eighth Amendment.  In Count IV, Plaintiffs contend that the maximum sentence

provided in the statute – 60 years – is the equivalent of life in prison and violates

the Eighth and Fourteenth Amendments.  In other words, Plaintiffs challenge their

impending sentences.

Plaintiffs' challenge to the validity of their impending sentences is untenable

in this procedural context.  As this court has ruled, Plaintiffs' challenge to the

sentencing scheme "oversteps the boundary – so carefully drawn in the original

complaint –  between cases Plaintiffs may bring pursuant to § 1983 and those they

may not.  The Supreme Court has made clear that a "prisoner in state custody

cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'

He must seek federal habeas corpus relief (or appropriate state relief) instead."

<u>Wilkinson</u>, 544 U.S. at 78 (citations omitted)." Opinion and Order Denying

-9-

Plaintiffs' Motion for Preliminary Injunction at 8-9 (Docket No. 158).  See also
Heck v. Humphrey, 512 U.S. 477 (1994).  Indeed, the cases Plaintiffs cite for the
proposition that juvenile sentencing or parole schemes are unconstitutional are
cases brought under direct, collateral, or habeas review, not 42 U.S.C. § 1983. See
Miller, 132 S.Ct. 2455 (2012); Montgomery, 136 S.Ct. 718 (2016); LeBlanc v.
Mathena, __ F.3d __, 2016 WL 6652438 (4th Cir. Nov. 10, 2016); Songster v.
Beard, __ F. Supp. 3d __, 2016 WL 4379233 (E.D. Pa. Aug. 17, 2016); Atwell v.
State, 197 So.3d 1040 (Fla. 2016).

In addition, given that Plaintiffs' criminal cases have been reopened and that
they are awaiting resentencing, this court must abstain from exercising jurisdiction
over Plaintiffs' claims under Younger v. Harris, 401 U.S. 37, 41 (1971).  Pursuant
to Younger, there is a "strong federal policy against federal-court interference with
pending state judicial proceedings absent extraordinary circumstances."  Middlesex
Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).  "There
are three requirements for proper invocation of *Younger* abstention: '(1) there must
be on-going state judicial proceedings; (2) those proceedings must implicate
important state interests; and (3) there must be an adequate opportunity in the state
proceedings to raise constitutional challenges.'"  Squire v. Coughlan, 469 F.3d
551, 555 (6th Cir. 2006) (citation omitted).

These requirements are met here:  Plaintiffs' state criminal proceedings have been reopened and they are awaiting resentencing; these proceedings clearly implicate the important state interest of enforcing its criminal laws; and Plaintiffs have an adequate opportunity to challenge the constitutionality of their sentences at their sentencing hearings and on appeal.  Accordingly, this court must abstain from interfering with the pending state criminal proceedings.  "So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." Middlesex Cty., 457 U.S. at 435.  Plaintiffs have not made a showing of bad faith, harassment, or other extraordinary circumstance that would make abstention inappropriate.

Plaintiffs argue that Younger abstention should not apply because this case was pending long before Plaintiffs' criminal cases were reopened.  However, Plaintiffs' challenge to the new sentencing scheme was first raised in their amended complaint on June 20, 2016; Plaintiffs' criminal cases were reopened in an effort to apply that new sentencing scheme in August 2016.  The Supreme Court has held that "where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of

-11-

substance on the merits have taken place in the federal court, the principles of

Younger v. Harris should apply in full force."  <u>Hicks v. Miranda</u>, 422 U.S. 332,

349 (1975).  At this stage, no proceedings on the merits have taken place with

respect to Plaintiffs' challenge to the new sentencing scheme; this is essentially a

new case.  Thus, <u>Younger</u> abstention is appropriate and the court will dismiss

Counts II and IV.

**III.   <u>Count V</u>**

In Count V, Plaintiffs mount an Ex Post Facto challenge to M.C.L.

769.25a(6), which provides that defendants who are resentenced under the statute

"shall be given credit for time already served, but shall not receive any good time

credits, special good time credits, disciplinary credits, or any other credits that

reduce the defendant's minimum or maximum sentence."  The Ex Post Facto

Clause prohibits states from enacting a law that "changes the punishment, and

inflicts a greater punishment, than the law annexed to the crime, when committed."

For a criminal law to be ex post facto, "it must be retrospective, that is, it must

apply to events occurring before its enactment, and it must disadvantage the

offender affected by it."  <u>Weaver v. Graham</u>, 450 U.S. 24, 29 (1981).  When these

factors were met, the Supreme Court found the retroactive elimination of

disciplinary credits violated the Ex Post Facto Clause.  <u>Weaver</u>, 450 U.S. at 33.

-12-

Here, there is a dispute regarding whether Plaintiffs were ever eligible for good time or other credits that would reduce their sentences. Defendants argue that they were never eligible because they were convicted of an excluded offense – first degree murder. Plaintiffs contend that they were eligible and now will be disadvantaged by the elimination of these credits. Assuming Plaintiffs were eligible for good time credits, such credits would have been no use to them when they were serving life sentences without possibility of parole. Accordingly, they could not be disadvantaged by the elimination of credits that were of no benefit to them under the previous sentencing scheme. Because Plaintiffs cannot show that they are disadvantaged by M.C.L. 769.25a(6), the court will dismiss Count V on the merits.

**IV.  <u>Count VI</u>**

In Count VI, Plaintiffs contend that the Eighth and Fourteenth Amendments require that they receive "a fair and meaningful opportunity for release, including a right to educational and other rehabilitative programming, necessary for them to demonstrate growth, maturity, and suitability for release." Compl. at ¶ 224. Plaintiffs state that Defendants have refused to provide access to programming, education, training, and rehabilitation opportunities in violation of the Eighth and Fourteenth Amendments.

As a general matter, the Michigan parole system does not create a liberty interest in parole.  See Sweeton v. Brown, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc).  Nor is there a constitutional right to programming or rehabilitation opportunities in prison.  To the extent Plaintiffs' claim is characterized as seeking "a fair and meaningful opportunity for release," it implicates the constitutionality of their (impending) sentences, which is not cognizable in this court pursuant to Heck and Younger, as discussed above.  The court will dismiss Count VI.

## V.   Conclusion

The changes in the legal landscape that have occurred since the beginning of this case, although not cognizable here, should redound to Plaintiffs' benefit. Plaintiffs will receive individualized sentencing hearings in which the mitigating factors of youth will be considered for the first time.  The Michigan Court of Appeals has directed that sentencing courts "must undertake a searching inquiry into the particular juvenile, as well as the particular offense" and that they "are to do more than pay mere lip service to the demands of *Miller.*" People v. Hyatt, __ N.W.2d __, 2016 WL 3941269 (Mich. App. July 21, 2016).  At their sentencing hearings and upon appellate review, Plaintiffs will have the opportunity to fully present their constitutional claims, if necessary.

-14-

## **ORDER**

IT IS HEREBY ORDERED that Defendants' motion to dismiss is

GRANTED, consistent with this opinion and order.


s/John Corbett O'Meara
United States District Judge

Date:  February 7, 2017


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 7, 2017, using the ECF system.


s/William Barkholz
Case Manager