UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HILL, et al.,

       Plaintiffs,                        Case No. 10-cv-14568
                                                Hon. Mark A. Goldsmith

vs.

RICK SNYDER, et al.

       Defendants.
_____/

**OPINION & ORDER**
**DENYING DEFENDANTS' MOTION FOR STAY (Dkt. 201)**

This matter is before the Court on Defendants' motion for fourteen-day stay of judgment (Dkt. 201). On March 22, 2018, the Court held a hearing on Plaintiffs' motion for partial summary judgment, declaratory judgment and permanent injunction (Dkt. 181), Defendants' cross-motion for partial summary judgment (Dkt. 190), and Plaintiffs' second motion to certify class (Dkt. 180). Following the hearing, Defendants filed the instant motion requesting that, if the Court rules in Plaintiffs' favor on Count V and orders an injunction, the Court stay its judgment for fourteen days in order to allow Defendants to file an appeal. For the following reasons, Defendants' motion is denied.

        **I.       ANALYSIS**

The four traditional stay factors guide the Court's analysis: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court

1

grants the stay; and (4) the public interest in granting the stay." Coalition to Defend Affirmative Action v. Granholm, 473 F.3d 237, 244 (6th Cir. 2006). The Court addresses each in turn.[1]

### a. Likelihood of Success on the Merits

"[A] party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal." Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991).

Defendants argue that the Michigan legislature's decision to allow Plaintiffs to be resentenced to term-of-years sentences without allowance for good time or disciplinary credits is constitutional, and that Defendants will likely succeed on appeal. Def. Mot. at 3 (Dkt. 201). They also argue that abstention is warranted, as this case involves important issues of state law. For the reasons provided in detail in the Court's Opinion & Order today addressing the parties' dispositive motions, Defendants have not made a strong showing that they are likely to succeed on the merits in any appeal they may file regarding the Court's ruling on Count V. Plaintiffs were entitled to earn good time and disciplinary credits, and the retroactive elimination of such credits violates the Ex Post Facto Clause; additionally, abstention would not have been appropriate. This Court's assessment is that Defendants are unlikely to succeed on appeal on these issues.

### b. Irreparable Harm to Defendants

Defendants argue that the State will suffer irreparable injury if the Court enjoins enforcement of Mich. Comp. Laws § 769.25a(6), as "any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable

---

[1] Plaintiffs argued in their response that Defendants' motion was premature, as no injunction had yet issued, nor had any appeal been taken. Pl. Resp. at 1-2 (Dkt. 202). However, the Court has now issued an injunction. Even if the request was premature when made, it is premature no longer.

injury," quoting Maryland v. King, 133 S. Ct. 1, 3 (2012) (Roberts, C.J., in chambers) (alterations omitted).

This argument does not persuade. The King order was not the order of the full Court, but the individual order of Chief Justice Roberts acting in chambers. The order relied on by Chief Justice Roberts, New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers), was also the order of a single Justice, who cited no authority on the issue of irreparable harm associated with enjoining enforcement of statutes. Thus, Defendants have not presented authority commanding a majority of the Supreme Court that subscribes to the notion that any injunction restraining enforcement of state statutes imposes "some form of irreparable injury."[2] Further, to characterize every such injunction as imposing irreparable injury on state defendants would potentially erect an excessive burden to overcome for the party asserting – and prevailing on – a constitutional claim. In practical effect, it would shade the stay analysis such that remediation of constitutional violations would tend to be frozen in place until the appellate process concludes. While Defendants' interest in enforcing statutory enactments should be given due consideration – which this Court has – denominating their loss at the district court level as "irreparable" is unwarranted.

The argument for irreparable harm if a fourteen-day stay is not granted lacks force, in particular, because the Court has not required Defendants to recalculate the credits for class members until fourteen days from entry of the judgment. Thus, Defendants will have ample opportunity to file their appeal within that fourteen-day period without any need for a stay.

### c. Harm to Other Interested Parties

---

[2] Defendants also cited Planned Parenthood of Greater Texas Surgical Health Servs. v. Abbott, 734 F.3d 406, 419 (5th Cir. 2013), but that case merely cited King and New Motor Vehicle, without further analysis.

In contrast, Plaintiffs would suffer substantial harm if the Court were to grant a stay, as they will be deprived of their constitutional rights.  See Preston v. Thompson, 589 F.2d 300, 303 n.3 (7th Cir. 1978) ("The existence of a continuing constitutional violation constitutes proof of an irreparable harm, and its remedy certainly would serve the public interest.").  For any class member who, like Jennifer Pruitt, would be immediately eligible for parole consideration if credits were applied to her sentence, the harm of spending any additional time in prison beyond what the law requires is substantial and irreparable.

### d. The Public Interest

Finally, Defendants argue that the public has an interest in enforcing the legislature's constitutional sentencing policy choice.  Def. Mot. at 4-5.  As the Court has determined that Mich. Comp. Laws § 769.25a(6) is unconstitutional, this argument is misplaced.  Rather, the public has an interest in enforcement of the Constitution.  See Caspar v. Snyder, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015) ("[T]he public interest is always served by robust protection of constitutional guarantees.").

The Court concludes that these factors weigh against issuing a stay of judgment.

## II. CONCLUSION

For the foregoing reasons, Defendants' motion for stay (Dkt. 201) is denied.

SO ORDERED.

Dated: April 9, 2018　　　　　　　　　　　　　s/Mark A. Goldsmith  
　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 9, 2018.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky  
　　　　　　　　　　　　　　　　　　　　　　Case Manager