UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HILL, et al.,

        Plaintiffs,                        Case No. 10-cv-14568
                                              Hon. Mark A. Goldsmith

vs.

RICK SNYDER, et al.

        Defendants.
_____/

# OPINION & ORDER
# DENYING DEFENDANTS' MOTION FOR CLARIFICATION (Dkt. 215)

On April 9, 2018, this Court found that Mich. Comp. Law § 769.25a(6) violated the Ex Post Facto Clause of the United States Constitution. <u>Hill v. Snyder</u>, -- F. Supp. 3d. --, 2018 WL 1782710 (E.D. Mich. 2018). The Court entered a permanent injunction as follows:

> Defendants are permanently enjoined from enforcing or applying Mich. Comp. Laws § 769.25a(6). Within fourteen days of today's date, Defendants shall cause to be calculated the good time credits and disciplinary credits for each subclass member (as defined below) who has been resentenced, without regard to, or application of, Mich. Comp. Laws § 769.25a(6), for purposes of determining parole eligibility dates. For any subclass member resentenced after today's date, Defendants shall cause such calculations to be made within seven days of resentencing. Defendants shall cause the Michigan Parole Board to assume jurisdiction over subclass members at the time of the earliest release date, as calculated in conformity with this paragraph. The term "subclass members" means all individuals in the custody of the Michigan Department of Corrections who were convicted of first-degree murder for offenses committed when they were below 18 years of age, were or will be subjected to resentencing under Mich. Comp. Laws § 769.25a, are or could become eligible for parole, and whose offenses occurred prior to December 15, 1998.

1

4/9/2018 Final Partial Judgment (Dkt. 204). Defendants filed the instant motion for clarification (Dkt. 215), asking this Court to clarify whether its order requires the calculation of good time or disciplinary credits for offenders who had already been released on parole before the Court's April 9, 2018 order.

Defendants' motion is denied, as the Court's order is clear. By its terms, the order applies to individuals who were already released on parole on April 9, 2018. Defendants note that the order defined the subclass as, among other criteria, individuals "in the custody of the Michigan Department of Corrections who . . . are or could become eligible for parole," and argue that this excludes parolees, who were already paroled. Def. Mot. at PageID.3321. Parolees are under the custody of the Michigan Department of Corrections, Mich. Comp. Laws § 791.238(1) ("Each prisoner on parole shall remain in the legal custody and under the control of the department"), and, as they are currently on parole, necessarily "are . . . eligible for parole." Further, as Plaintiffs note, parolees may have their parole revoked; this may result in a return to prison where the former parolees again "could become eligible for parole." See Mich. Comp. Laws § 791.240a(1) ("After a prisoner is released on parole, the prisoner's parole order is subject to revocation at the discretion of the parole board for cause . . . ."); In re Wayne Cty. Pros., 591 N.W.2d 359, 485-486 (Mich. Ct. App. 1998) (describing the process for rescinding parole and noting that an order rescinding parole "also sets the length of time before the offender will again be eligible for parole"). Defendants also argue that the Court's order that the Parole Board "assume jurisdiction" over the subclass members suggests that the order would not apply to those who are already under its jurisdiction. But this directive was not intended to limit the number of individuals eligible for relief.

Further, the order by its terms permanently enjoined Defendants "from enforcing or applying Mich. Comp. Laws § 769.25a(6)." 4/9/2018 Final Partial Judgment. Defendants,

therefore, cannot rely upon this statute to deny good time and/or disciplinary credits to any individual, regardless of his or her parole status.

Additionally, the rationale of this Court's April 9, 2018 Opinion applies to parolees as well as prisoners. For all of the reasons explained in that Opinion, applying Mich. Comp. Laws § 769.25a(6) to parolees would also result in an Ex Post Facto Clause violation. Parole is "a permit to the prisoner to leave the prison, and not . . . a release." Mich. Comp. Laws § 791.238(6). A parolee "shall be considered to be serving out the sentence imposed by the court[.]" Id. Failing to provide good time and/or disciplinary credits to parolees increases their sentences and prolongs their dates of release, "impos[ing] additional punishment to that . . . prescribed" at the time the criminal act was committed. Hill, -- F. Supp. 3d at --, 2018 WL 1782710 at *9 (quoting Weaver v. Graham, 450 U.S. 24, 28 (1981)).

Defendants' motion for clarification (Dkt. 215) is denied, as the Court's April 9, 2018 Order is clear. Accordingly, Defendants must come into compliance with the order. Defendants shall calculate good time credits for subclass members paroled before entry of the Court's April 9, 2018 Opinion within seven days of the entry of the instant order, and shall calculate disciplinary credits for such subclass members within twenty-one days of the entry of this order.

SO ORDERED.

Dated: May 30, 2018                       s/Mark A. Goldsmith
   Detroit, Michigan                MARK A. GOLDSMITH
                                                   United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 30, 2018.

                                                     s/Karri Sandusky
                                                     Case Manager