UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HILL, et al.,

    Plaintiffs,

vs.

GRETCHEN WHITMER, et al.,

    Defendants

Case No. 10-cv-14568

Hon. Mark A. Goldsmith

_____/

## PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, TO DIRECT CLASS NOTICE, AND TO SCHEDULE A FAIRNESS HEARING

At a status conference on September 17, 2020, the parties informed the Court (Magistrate Judge Grand), that they had reached an agreement to settle the remaining issues in this class action litigation. The terms of the agreement were entered on the record. Rule 23(e) of the Federal Rules of Civil Procedure provides that class settlement may occur only with the court's approval, upon notice to the class, a fairness hearing, and the court's finding that the settlement is fair, reasonable, and adequate. By this motion and its accompanying brief, Plaintiffs seek preliminary approval of the class settlement, an order directing class notice, and a time and date for a fairness hearing. Defendants' counsel has reviewed the motion, and do not oppose it.

**Class Certification.** On April 9, 2018, Plaintiffs were certified as a class, for injunctive and declaratory relief only under Rule 23(b)(2). (Dkt. 203). The class included a subclass of more than 250 individuals who are awaiting resentencing. For purposes of settling the remaining claims, Count VI and Count VIII, the class consists of all class members who are still incarcerated (VI), and a subclass of all class members who are yet to be resentenced (VIII).

**Preliminary Approval of Class Settlement.** The Sixth Circuit has held that district courts should preliminarily approve settlement upon agreement of the parties and before directing notice to the class and holding a fairness hearing. *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). Rule 23(e) also requires that the parties, seeking approval of a class settlement, submit a statement setting forth the terms of the agreement. With this motion, Plaintiffs have filed (1) the terms of the settlement agreement, which the parties placed on the record at the September 17, 2020 status conference; (2) a proposed notice to the class; and (3) a proposed final judgment to be entered after a fairness hearing should the Court find that the settlement is fair, reasonable, and adequate. The parties request that the Court preliminarily approve the settlement, and approve the class notice.

**Class Notice.** Rule 23(e) requires the court to direct notice in a reasonable manner to all class members who would be bound by the settlement. The class members consist of those members of the subclass who have not yet been

2

resentenced and who continue to be considered as serving life-without-parole sentences. The resolution of Count VI provides that Defendants treat these class members as presumptively serving 25-60 year-long sentences while they await resentencing, making them immediately eligible for rehabilitative programming which may enhance their opportunity for release on parole. The resolution of Count VIII provides for an accelerated process for resentencing hearings for all class members. 166 members of the class are impacted. The parties have also agreed that Defendant Michigan Department of Corrections ("MDOC") will hand-distribute notices to all class members by October 7, 2020, and certify to this Court that all class members have received notice. The proposed notice is attached as Exhibit 1. It provides a process for class members to submit their objections (if any) directly.

**Fairness Hearing.** Rule 23(e) provides that the court may approve a class settlement only after a hearing at which class members have an opportunity to object. Plaintiffs propose that the Court allow fourteen (14) days for class members to prepare their objections, three (3) days for objections to be submitted via Jpay to Plaintiffs' counsel and for Plaintiffs' counsel to in turn file them with the Clerk of the Court. Plaintiffs propose this method of notice and objections in light of mail delays both in the MDOC facilities and the United States Postal Service due to COVID-19. The Court and Defendants' counsel will have seven (7)

days to review objections before the fairness hearing. The fairness hearing would thus be scheduled on or after October 28, 2020. Defendants have agreed to facilitate video-conference participation of objections and class representation.

\* \* \*

Accordingly, Plaintiffs now move, unopposed, for an order:

1. preliminarily approving class settlement;
2. directing class notice; and
3. scheduling a fairness hearing.

A supporting brief accompanies this motion, and a proposed order will be submitted.

                                Respectfully submitted,

Dated: September 28, 2020

*/s/ Deborah LaBelle*
Deborah LaBelle (P31595)
221 N. Main St., Ste. 300
Ann Arbor, MI 48104
734.996.5620
deblabelle@aol.com

*/s/ Daniel S. Korobkin*
Daniel S. Korobkin (P72842)
American Civil Liberties Union Fund
  of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

*/s/ Steven M. Watt*
Steven M. Watt

Brandon Buskey
American Civil Liberties Union
   Foundation
125 Broad Street, 17th Floor
New York, NY 10004
(212) 519-7870
swatt@aclu.org
eedwards@aclu.org
bbuskey@aclu.org

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HILL, et al.,

    Plaintiffs,

vs.

GRETCHEN WHITMER, et al.,

    Defendants

                                /

Case No. 10-cv-14568

Hon. Mark A. Goldsmith

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, TO DIRECT CLASS NOTICE, AND TO SCHEDULE A FAIRNESS HEARING**

i

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................... iii

INTRODUCTION .................................................................................................... 1

BACKGROUND ...................................................................................................... 1

ARGUMENT ............................................................................................................ 2

    I.    THE COURT SHOULD PRELIMINARILY APPROVE THE
         CLASS SETTLEMENT UNDER RULE 23(E). ........................................... 5

         A.    The Value of the Settlement upon Consideration of the Risk
                and Delay of Further Litigation ............................................................ 6

         B.    The Settlement Is Fair to the Class Members ...................................... 7

         C.    The Settlement Is the Product of Extensive and Arm's Length
                Negotiations ......................................................................................... 7

    II.   THE COURT SHOULD DIRECT CLASS NOTICE AS
         PROPOSED BY THE SETTLEMENT AGREEMENT. ............................. 8

    III.  THE COURT SHOULD SCHEDULE A FAIRNESS HEARING
         NO EARLIER THAN OCTOBER 28, 2020. ............................................... 9

CONCLUSION ....................................................................................................... 10

# INDEX OF AUTHORITIES

**Cases**

*Franks v. Kroger Co.*, 649 F.2d 1216 (6th Cir. 1981)...............................................5

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003)...................2

*Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818 (E.D. Mich. 2008) ...............3

*UAW v. General Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)..................................5

*Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983) .........................................1, 2, 7

**Rule**

Fed. R. Civ. P. 23 .......................................................................................*passim*

**Treatises**

Wright, Miller & Kane, *Federal Practice and Procedure* (3d ed.)...........................5

## INTRODUCTION

The parties have agreed to class settlement of the remaining claims of this ten-year litigation on behalf of individuals who were punished with an unconstitutional mandatory life-without-parole sentences for crimes they committed when they were children. Rule 23(e) of the Federal Rules of Civil Procedure provides that class settlement requires the court's approval and that the court may approve a class settlement only after notice to the class, a fairness hearing, and on finding that it is fair, reasonable, and adequate. Plaintiffs seek this Court's approval of the settlement as a fair and reasonable resolution of the remaining claims in this litigation.

**I.  THE COURT SHOULD PRELIMINARILY APPROVE THE CLASS SETTLEMENT UNDER RULE 23(E).**

The procedure for approval of class action consent judgments is set forth in *Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983).

> ***Initially, a proposed decree should be preliminarily approved.*** *The court should determine whether the compromise embodied within the decree is illegal or tainted with collusion. The court's determination should be based on its familiarity with the issues, the results of discovery, and the character of the negotiations prior to the entry of the decree. Preliminary approval is critical for a decree which is the product of arms-length negotiations. With such approval a decree is presumptively reasonable. An individual who objects, consequently, has a heavy burden of demonstrating that the decree is unreasonable.*

1

*Id*. at 921 (emphasis added; citations omitted). In order for the proposed settlement to proceed to class notice and a fairness hearing, the Court must make a preliminary determination that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

> Relevant factors considered by the Court include: (a) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (b) the risks, expense, and delay of further litigation; (c) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (d) the amount of discovery completed and the character of the evidence uncovered; (e) whether the settlement is fair to the unnamed class members; (f) objections raised by class members; (g) whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (h) whether the settlement is consistent with the public interest.

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 522 (E.D. Mich. 2003).

As required by Rule 23(e)(3), the settlement agreement is being filed as Exhibit 2. Applying the above criteria, the Court should preliminarily approve the class settlement as fair, reasonable, and adequate.

This Court is intimately familiar with this litigation and Plaintiffs' efforts to achieve meaningful and realistic opportunities for release for the class members. Meaningful and realistic opportunities for release include adequate rehabilitative programming to prepare class members for review and release on parole; ensuring that there is no further delay in their resentencing hearings; limiting *Miller*

2

hearings seeking to reimpose class member's life-without-parole sentences to the rare individuals who cannot be rehabilitated; and ensuring that all earned good-time and disciplinary credits are awarded to Plaintiffs who are eligible to allow for their prompt release and reinstatement into their communities as returning citizens.

Plaintiffs have achieved substantially all that they sought as a class by having Defendants provide programming to all Plaintiffs whose sentences have been vacated and yet, have been held in "carceral limbo" pending resentencing, and by removing prosecutorial delay tactics that have blocked Plaintiffs' resentencing hearings for more than four years.

### A.  The Value of the Settlement Upon Consideration of the Risks and Delay by Further Litigation

If Plaintiffs proceeded through discovery and judicial rulings this would result in further delay in relief for the Plaintiffs. To avoid such delay "[t]he law favors the settlement of class action litigation." *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 830 (E.D. Mich. 2008).

The judgment of experienced counsel who have competently evaluated the strength of their proofs weighs in favor of approving this class settlement. Through this settlement, the class would achieve substantially all that it seeks in the litigation. Therefore, experienced class counsel exercised sound judgment by settling the remaining claims.

### B. The Settlement Is Fair to the Class Members.

Plaintiffs have spoken to class representatives who signed the settlement and are aware of no class members' objections at this time. But this Court, of course, must consider and determine this issue after the class has been given notice and an opportunity to object to the settlement.

### C. The Settlement Is the Product of Extensive and Arm's Length Negotiations.

The settlement is the product of extensive and arm's length negotiations, not collusive bargaining. The Court assigned Magistrate Judge Grand to preside over several status conferences and Magistrate Judge Grand had an opportunity to observe the parties' arm's length negotiations. Plaintiffs' counsel have significantly compromised on their request for attorneys' fees and costs, but they have refused to compromise on their demand for substantive relief for the Plaintiff class. Plaintiffs' counsels' fees and costs over the ten years of this litigation exceed $1.3 million supported by detailed billing statements provided to Defendants' counsel and this Court. Plaintiffs accepted $800,000.00 in full compensation of fees and costs for Counts V and VI and waived all fees and costs for Count VIII. Because Plaintiffs' counsel did not wish to jeopardize the opportunity to obtain prompt classwide relief for the Plaintiff class, Plaintiffs' counsel also waived further fees absent non-compliance resulting in Plaintiffs' settling fees for substantially less than they would have likely received from this

4

Court. The proposed settlement serves the interests of the class, the community and the public at large.

## II. THE COURT SHOULD DIRECT CLASS NOTICE AS PROPOSED BY THE SETTLEMENT AGREEMENT.

Rule 23(e) requires that the court direct notice in a reasonable manner to all class members who would be bound by the proposal. Fed. R. Civ. P. 23(e)(1). "The court has complete discretion in determining what constitutes a reasonable notice scheme, both in terms of how notice is given and what it contains." 7B Wright, Miller & Kane, *Federal Practice and Procedure* § 1797.6 (3d ed.). "The notice should be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *UAW v. General Motors Corp.*, 497 F.3d 615, 629 (6th Cir. 2007). In the Sixth Circuit, individual notice is favored but not strictly required in settlements for injunctive relief under Rule 23(b)(2) from which class members may not opt out. *See Franks v. Kroger Co.*, 649 F.2d 1216, 1222-23 (6th Cir. 1981). As for the content of class notice, "the notice should be designed to inform each class member of what is happening in the action and what the consequences of the dismissal or compromise may be." Wright, Miller & Kane, *supra*, § 1797.6. Not all details of the settlement must be contained in the class notice, "as long as sufficient contact information is provided to allow the class members to obtain more detailed information." *Id*.

In this case, the parties have agreed that Defendant MDOC will hand deliver the notices and entire settlement agreement personally to the 166 class members. Defendant has agreed to print and distribute class notice by October 7, 2020.

The parties have also agreed on the content of class notice which is being submitted as Exhibit 1, for approval by the Court. The proposed notice describes the history of this case, the terms of the settlement, the class definition, the right of all class members to object but not to opt out, and the process class members must undertake if they wish to object. The notice also provides contact information for class counsel in the event class members have questions or want more information about the settlement. In light of difficulties with the U.S. Postal Service and delays exacerbated by COVID-19, the proposed class notice states that objections must be in writing via JPay to Plaintiffs' counsel who shall submit any objections to the Court and Defendants' counsel, a week prior to the fairness hearing.

Plaintiffs request that the Court approve and direct the class notice in the form contained in Exhibit 1, by the method agreed to in the settlement agreement, by October 1, 2020.

### III. THE COURT SHOULD SCHEDULE A FAIRNESS HEARING NO EARLIER THAN OCTOBER 28, 2020.

Rule 23(e) provides that the court may approve a class settlement only after a hearing at which class members may object. The Sixth Circuit has held that there

should be a minimum of two weeks between class notice and a fairness hearing. *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983).

In this case, Plaintiffs recommend that the Court require objections to be submitted in advance of the fairness hearing to Plaintiffs' counsel via JPay, who will in turn e-file the objection on the CM/ECF system so that the Court and counsel for both sides receive an electronic copy of the objection. Plaintiffs suggest that the Court should allow fourteen (14) days for class members to prepare objections, three (3) days for objections to be submitted to Plaintiffs' counsel via JPay and for Plaintiffs' counsel to in turn file them with the Clerk of the Court, and seven (7) days for the parties and the Court to review objections e-filed with the Clerk of the Court before the fairness hearing.  If Defendant is directed to serve notice no later than October 7, 2020, the fairness hearing would thus be scheduled no earlier than October 28, 2020.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court:

1. preliminarily approve the class settlement;

2. approve class notice as proposed; and

3. schedule a fairness hearing for a date and time not before October 28, 2020.

                                      Respectfully submitted,

Dated:  September 28, 2020

/s/ Deborah LaBelle
Deborah LaBelle (P31595)
221 N. Main St., Ste. 300
Ann Arbor, MI 48104
734.996.5620
deblabelle@aol.com

/s/ Daniel S. Korobkin
Daniel S. Korobkin (P72842)
American Civil Liberties Union Fund
   of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

/s/ Steven M. Watt
Steven M. Watt
Brandon Buskey
American Civil Liberties Union
   Foundation
125 Broad Street, 17th Floor
New York, NY 10004
(212) 519-7870
swatt@aclu.org
eedwards@aclu.org
bbuskey@aclu.org

Counsel for Plaintiffs

8

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2020, I electronically filed this paper and all attachments with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

>/s/ Deborah LaBelle
>Deborah LaBelle (P31595)
>221 N. Main St., Ste. 300
>Ann Arbor, MI 48104
>734.996.5620
>deblabelle@aol.com