UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HILL, et al.,

      Plaintiffs,

vs.

GRETCHEN WHITMER, et al.,

      Defendants.

_____/

Case No. 10-14568

HON. MARK A. GOLDSMITH

## **OPINION OVERRULING OBJECTIONS**

On November 2, 2020, the Court held a fairness hearing during which the parties sought final approval of a proposed settlement under Federal Rule of Civil Procedure 23(e), and during which four class members presented their objections to the proposed settlement.[1] As set forth in the final order approving settlement entered on today's date, the Court overrules these objections for the reasons that follow.

The class members' objections are summarized as follows. First, Federico Cruz objected to the proposed settlement terms as to Count VIII on the ground that they do not require Defendant Dana Nessel, Michigan's Attorney General, to instruct prosecutors that all but the most incorrigible juvenile offenders are entitled to a term-of-years sentence. Cruz Objections, Ex. 2 to Notice of Objections (Dkt. 349-3). Second, Clifton Gill objected to the Count VIII settlement terms on the ground that they should require prosecutors to review class members' files before pursuing life without parole on resentencing. Gill Objections, Ex. 3 to Notice of Objections (Dkt. 349-4). Third, Robert Hinds challenged the effectiveness of his appellate counsel in the state-court criminal

---

[1] A fifth class member, Robert Cook, filed written objections, Cook Objections, Ex. 1 to Notice of Objections (Dkt. 349-2), but was resentenced on October 29, 2020 and was discharged from custody on November 2, 2020. Therefore, his objections were rendered moot by the time of the fairness hearing.

proceedings and seeks to compel the state-court prosecutor to disclose newly discovered exculpatory evidence. Hinds Objection, Ex. 4 to Notice of Objections (Dkt. 349-5). Finally, Adrian Nichols, argued that the proposed settlement should provide for monetary compensation for the alleged mental and emotional distress caused by class members' lack of access to educational programming. Nichols Objections, Ex. 5 to Notice of Objections (Dkt. 349-6).

These objections are unavailing, as they seek relief that exceeds the scope of the two remaining claims asserted in the fourth amended complaint. Specifically, Count VI of the complaint concerns class members' access to core programming required to demonstrate their suitability for parole, while Count VIII challenges the allegedly unreasonable delays in resentencing class members. See 4th Am. Compl (Dkt. 316). In their objections, Cruz and Gill seek to add settlement terms directing how the Attorney General should guide the resentencing process. However, while Count VIII seeks to vindicate class members' right to a prompt resentencing process, it does not seek to establish what the resentencing process must entail. Similarly, the disclosure of exculpatory evidence, as sought by Hinds, is plainly beyond the scope of relief sought in the present action. Finally, the complaint seeks declaratory and injunctive relief but does not seek monetary compensation on behalf of the class members, as requested by Nichols. Consequently, the Court overrules these objections to the proposed settlement, as the additional relief sought by these class members goes beyond the contours of the complaint.

SO ORDERED.

Dated: November 17, 2020       s/Mark A. Goldsmith
    Detroit, Michigan      MARK A. GOLDSMITH
                                               United States District Judge